UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

EDUARDO ACOSTA, and similarly situated
individuals,

     Plaintiffs,

     vs.

LYCA TEL, LLC, a New Jersey Corporation,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, EDUARDO ACOSTA (hereinafter "ACOSTA" or "Plaintiff"), and similarly situated individuals, sue Defendant, LYCA TEL, LLC (hereinafter "LYCA TEL" or "Defendant"), and states:

1.     ACOSTA and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2.     Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3.     All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

## PARTIES

4.      ACOSTA, is an individual, a resident of Miami-Dade County, Florida, and was an employee of LYCA TEL from in or about November 2015 through December 9, 2016.

5.      At all times material to this Complaint, ACOSTA was an employee of LYCA TEL who was non-exempt from the overtime provisions of the Act.

6.      LYCA TEL is a New Jersey corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint.

7.      ACOSTA was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for LYCA TEL and at all times material to this Complaint.

8.      Upon information and belief, LYCA TEL's gross revenues for 2015 exceeded $500,000 for that year.

9.      Upon information and belief, LYCA TEL's gross revenues for 2016 exceeded $500,000 for that year.

10.      Upon information and belief, LYCA TEL regularly orders goods and materials that come from outside the State of Florida.

11.      By reason of the foregoing, LYCA TEL was during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

12.      Plaintiff consents to being a party-plaintiff in this lawsuit.

## FACTUAL ALLEGATIONS

13.     Defendant is in the business of selling SIM cards, which is a memory circuit used in cell phones that carries information necessary for a cell phone to operate on a given network.

14.     Plaintiff worked on selling Defendant's products, including SIM cards.

15.     ACOSTA began working for LYCA TEL on or about November 2015.

16.     Plaintiff and similarly situated individuals were paid on an hourly basis.

17.     LYCA TEL offered that ACOSTA be paid commissions and ACOSTA sold LYCA TEL's products in reliance of that promise.

18.     ACOSTA was supposed to be paid commissions as well but did not receive those commissions.

19.     Plaintiff and similarly situated individuals often worked more than forty (40) hours per week but were not paid time and half for those hours worked over forty (40) hours per week.

20.     ACOSTA complained about LYCA TEL's failure to pay overtime and commissions and was terminated on or about December 9, 2016 as a result of his complaints.

### COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
#### (FAILURE TO PAY OVERTIME WAGES)

21.     Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

22.     At all times since the three years preceding the filing of this Complaint, LYCA TEL willfully employed Plaintiff and/or similarly situated individuals in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as

described above, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which he was employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

23.     Defendant is an employer under the Act.

24.     Defendant willfully and intentionally failed to pay Plaintiff and similarly situated individuals the statutory overtime rate as required by the laws of the United States as set forth above and remains owing his back wages.

25.     As a result of the under payments of wages alleged above, LYCA TEL is indebted to Plaintiff and similarly situated individuals in the amount of the unpaid overtime compensation. Plaintiff propose to obtain the necessary records and information to determine the amount of the underpayment to Plaintiff by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, Plaintiff and similarly situated individuals demand judgment awarding them and similarly situated individuals all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. ACOSTA also request retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 requiring Defendant to pay overtime owed to its employees and an Order prohibiting Defendant from violating the FLSA in the future.

## COUNT II

### BREACH OF CONTRACT
### UNPAID COMMISSIONS OWED TO EDUARDO ACOSTA

26.     Defendant's failure to pay ACOSTA the agreed upon commissions amounts to a

breach of contract.

27.    As a result of Defendant's breach, ACOSTA has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate his for the loss of use of the funds that were due.

28.    ACOSTA is owed commissions.

WHEREFORE, ACOSTA requests judgment against Defendant LYCA TEL for his unpaid commissions and other damages, together with costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief as the court may deem proper.

## COUNT III

### FLSA RETALIATION

29.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminates against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

30.    The motivating factor that caused Plaintiff's adverse employment action (termination) as described above was Plaintiff's complaint regarding not being properly paid pursuant to the FLSA and wage and hour law.

31.    Defendant LYCA TEL's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant LYCA TEL:

A.    Adjudge and decree that Defendant LYCA TEL has violated the FLSA and has

done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B.  Enter judgment against the Defendant LYCA TEL for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

  C.  Enter judgment against the Defendant LYCA TEL for all front wages;

  D.  Enter an award against Defendant LYCA TEL and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and;

  F.  Grant Plaintiff's a Trial By Jury.

## JURY DEMAND

  ACOSTA demand trial by jury on all issues so triable.

    Respectfully submitted,

    GARY A. COSTALES, P.A.
    1200 Brickell Avenue, Suite 1440
    Miami, Florida 33131
    (305) 375-9510 Ext. 314
    (305) 375-9511 (facsimile)

    /s Gary A. Costales
    Gary A. Costales, Esq.
    Florida Bar No. 0948829